NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 23 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FERNANDO GARCIA,

        Plaintiff - Appellant,

  v.

CORNER INVESTMENT COMPANY,
LLC.; JACOB ADAMS, First Name added
by Third Amended Complaint, ECF No. 25
also known as J. Adams; MIGUEL
JAHUEY; LAS VEGAS
METROPOLITAN POLICE
DEPARTMENT,

        Defendants - Appellees.

No. 24-5094

D.C. No.
2:22-cv-01960-MMD-MDC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted May 21, 2025[**]
Pasadena, California

Before: GRABER, WARDLAW, and JOHNSTONE, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Plaintiff Fernando Garcia appeals the summary judgment entered in favor of the Las Vegas Metropolitan Police Department, and of officers Jacob Adams and Miguel Jahuey (collectively, "Defendants"). Plaintiff's claims arose when Defendants detained him for trespassing after he refused a request to leave The Cromwell Casino in Las Vegas, Nevada. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, Rodriguez v. Bowhead Transp. Co., 270 F.3d 1283, 1286 (9th Cir. 2001), we affirm.

1. If Defendants had probable cause to detain Plaintiff, then summary judgment was proper on all but one of Plaintiff's claims.[1] "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." United States v. Lopez, 482 F.3d 1067, 1072 (9th Cir. 2007) (citing Beck v. Ohio, 379 U.S. 89, 91 (1964)). Probable cause is an objective standard. Id. "Probable cause 'is not a high bar,'" requiring only a probability that an individual committed some criminal activity. District of Columbia v. Wesby, 583 U.S. 48, 57 (2018) (citation omitted).

Here, the individual Defendants witnessed Plaintiff commit unlawful trespass under Nevada Revised Statutes section 207.200(1)(b) through his refusal

---

[1] Plaintiff does not dispute that the last remaining claim, for conversion, is time-barred.

to leave The Cromwell at the request of one of its agents.  Therefore, they had probable cause to detain him.  Accordingly, the district court did not err.

2.  Plaintiff asserts that the individual Defendants entrapped him into trespassing when they informed The Cromwell staff that they could detain and remove Plaintiff if he refused to leave.  But the contemporaneous body-camera evidence shows that Defendants did not present Plaintiff with the opportunity to commit a crime that he was not already predisposed to commit.  See United States v. Hsieh Hui Mei Chen, 754 F.2d 817, 821 (9th Cir. 1985) (stating that entrapment requires "that an otherwise innocent person was induced to commit the act complained of by trickery, persuasion, or fraud of a government agent").  Instead, the footage shows that The Cromwell wanted Plaintiff to leave before Defendants arrived on the scene.

**AFFIRMED.**